May it please the Court, I'm Robert Bastian. I'm here on behalf of the interveners, Michael Adame et al. I'd ask to reserve, I think the going rate today is one minute. I think I'll, it seems to be the custom, and I'll follow it. I've been given a heads up by an order from the clerk that one of the things that this Court wants us to address is whether or not the Notice of Appeal was filed timely. Not only was the Notice of Appeal filed timely, it was filed prematurely. And the reason it was filed prematurely, well, there's a couple of reasons, but the reason that it's a premature filing in this particular set of circumstances is that we were asking for permissive intervention. We weren't asking for intervention as a right. There is a rule that when intervention asks for it. Say that again slowly. You were asking for? Permissive intervention under Rule 24B. We weren't asking for intervention as a matter of right. Now, when intervention as a matter of right is denied, such a request, then that is a final order, and that's what the case law says. When permissive intervention is denied, that is not a final order. That is an interlocutory order. Now, under certain circumstances, it could be a final order if, in fact, there isn't in the background a lawsuit going forward. In other words, once the summary judgment was granted and entered in this case, at that point we would have had 30 days from that particular time. And that's what happened in this particular case. Let me ask you a question. It's an interlocutory order. Is it an appealable interlocutory order? It is under some circumstances. But you would have to get a judge to certify it under 54B or 1292B. Actually, that would be one way. The other way would be, and it looks like in the case law, under certain circumstances, given the equities of the circumstance, the courts have permitted denials to be appealed. Under Cohen v. Beneficial Life and the four factors. Right, the so-called cart before the horse analysis, whether or not there was an abuse of discretion. But the Ninth Circuit has clearly said that that isn't a final appealable order. And I've found no court that has ever said that. But if it's not a final appealable order and if the interlocutory order hasn't been certified by the trial judge as something which should be taken on 1292B, and we didn't certify it as a certificate of appealability, then you shouldn't be here. That would be the case except that on the day that we filed the notice of appeal, that is when summary judgment was entered, and that's when it became final. So as a practical matter, we filed it on the day that it became final. In other words... You say when the summary judgment order was entered in Fuller. That's right. Then your appeal, your heretofore interlocutory appeal became final, but you'd already prematurely filed your notice of appeal. That's right. So then the question is, is a premature filing of an order a timely filing? Yes, and that's always been the case. In fact, you could probably understand why we filed prematurely. Among other things, we saw that the Fuller appellants had filed a notice of appeal early. They had filed from the ruling of the court, but the judgment hadn't been entered. In fact, on the day that the court denied our ruling, the court also issued an order, it turned out, to the defendants asking why they hadn't filed their final order so that it could be entered in dismissing the case. So for those reasons, yes, actually it wasn't premature. It was filed on the correct day. I'm not sure which one of us made it to the filing window, but if we filed on the day that it became final, that to me sounds like an order that's either premature or, I mean, excuse me, an appeal that's either premature or it's timely.  And I don't think the Ninth Circuit has ever said, well, we don't have jurisdiction because you got to the filing window on that day early. I think we have a contrary rule. I think we have a contrary rule that a premature filing of a notice of appeal is considered filed as of the date the judgment is entered. In which case we would be okay, as I understand it, under these circumstances. Well, I guess my worry is this, Counsel. I've heard what you've had to say here. But in effect, the order which determined what would happen with your motion was entered more than 30 days before you filed the appeal, was it not? That's correct, 31. And in fact, if in fact that were the case and the summary judgment had not been entered, when would you have had to file the appeal? If the summary judgment had not been entered, then we would have had to wait for the final judgment. Well, is there any law which suggests that a permissive appeal or a permissive intervention such as this, that the parties would need to wait on the permissive intervention until we have a final judgment in the actual case? Isn't the case law just the opposite? That the proposed intervener, having been denied the status of a party, would then never be able to appeal in the underlying action because it would just continue on for however it went. And it would not even get to appeal at the end. And therefore, having been denied the opportunity to appeal, the time starts to run on the day the order is filed. No. Counsel, I think you misspoke because under the local rules for the central district, the order denying your motion to intervene was not entered. And there's a difference between docketing, issuing docketing, and entering that's a very technical difference. People tend to use the three different words to mean the same thing. It's very loose. But since I was a district judge in the central district of California, I know the difference and know that when certain types of orders are docketed, they are not entered. Right. So I think the briefing didn't really get into all of the technicalities of these rules. Well, if I just may answer Judge Smith's question in the form of a hypothetical, if, in fact, it was considered that that was the date that it was entered and said it was filed, and if, in fact, it was 31 days. No, the Ninth Circuit has clearly said that this is an interlocutory appeal. And, no, they haven't said that if you can't challenge it at that point, that you can't challenge it at a later date. And the case that we gave in the motions, there were motions filed before the opposition, and one was In Re Vitamins Antitrust. And in that case, somebody came to court and they challenged on both grounds of right to intervene and permissive. And after it was denied, what happened is they filed a notice of appeal on the right. They waited until the case was over in the settlement, filed another notice of appeal on the permissive, then moved to have the two joined, and the court granted it and had it considered. And even in the case that defendants cited, in that particular case, they actually reviewed the fact that they did not have a right to permissive intervention. This was in the Southern Cal Edison case. And they actually ruled on the merits. And then they said, well, let us come in again. And they said, no, the equities don't favor it. But they got the ruling on the merits in that particular case. So nowhere have I ever seen a court say that interlocutory appeal runs as final for purposes of the court's jurisdiction here. And there's another really compelling reason why it shouldn't be final in this particular case. In this case, the district court, in its order, specifically made a ruling of law that said, we're not going to entertain your motion because we don't have jurisdiction because I'm dismissing this case on summary judgment grounds. He didn't say anything about jurisdiction, did he? Well, he said, in light of the court's ruling on summary judgment, the motion to intervene is hereby denied. That's what he said. In other words, I've already decided the summary judgment decision, so why worry me with this? Not a bit about jurisdiction. Well, that, to me, would indicate that he was making a ruling of law that because he had decided the underlying case, that he doesn't need to address the issues in our case. And we would contend that that is an error of law. But just, if you'll follow me, during the time, until that summary judgment motion is finally dismissed, that court has the ability to reverse themselves on the summary judgment motion. Moreover, the appellants can bring a motion for reconsideration. And if, in fact, that motion for reconsideration was successful, and, in fact, he decided, you were right, there's tribal issues of fact, I don't need summary judgment right now, then, if he believed what he said in that order, it would be time to entertain our motion. And if we were up here in the Ninth Circuit and that had happened, you'd say, why are you here? Why are you here? You jumped the gun. The court changed its mind. And as a formal matter, that's what's happening. So why, under those circumstances, would you want us coming to the Ninth Circuit? You wouldn't. That's where the finality doctrine would come into place. So as a formal matter, if the district court has the jurisdiction to do that, and the finality doctrine has the hoary place that it does in our civil procedure, then you would want that rule to be followed, and you would ask, why are we here? So that, to me, is a very compelling second reason why, under these circumstances, jurisdictionally, we're in the right place at the right time. Ginsburg. Counsel, you're over your time, but does anybody have any questions? Any further questions? Okay. Thank you, counsel. Good morning. David Lawrence for the Appellees. Notably absent from Appellant's brief is any legal authority for the proposition that the date for the notice of appeal runs 30 days from the entry of the final judgment. In fact, if that were the rule, if it were the rule that you had a proposed intervener had to wait until 30 days after the final judgment was entered in the case, it makes no practical sense. And using this case as an example, if they're seeking discovery, and they're seeking discovery for use in another lawsuit, it makes little sense that if the district court has made an error in denying that discovery to wait until the case is over, because chances are that the lawsuit, the other lawsuit that they're seeking the discovery for, will have been over as well. So this is a classic example where notice of appeal, it runs 30 days from the And the reason for that is to get the sort of relief that's being sought by the appellants in this case. My question, there's technical questions, but then there's just, this is a, I believe it is an appealable interlocutory order. But I haven't seen a case that says it's required to be appealed. And, in fact, on permissive joinder, the judge can change his mind practically at any time. And so unless the judge makes a specific order under Rule 54B, basically saying I'm going to certify it for appeal because I'm not going to change my mind on this, then what is, there really isn't a final order to be appealed, even under the Cohen doctrine. Well, the court could change its mind, but it would have to do so pursuant to a motion. And under the local. No, it wouldn't. And the court could decide, okay, I'm going to grant summary judgment. Summary judgment is still not entered, right? Correct. Now, I mean, I think, frankly, as a practical matter, that if we were to reverse in the Fuller case that the ADAMI plaintiffs could go back and renew their motion for permissive intervention for purposes of getting those documents. I don't disagree with that. Right? So as a practical matter, we're spending a lot of time arguing and worrying about arcane roles, that if that were to happen, if we were to affirm Fuller, they're done because they failed to file a motion for intervention in the appeal. Okay. I'm sorry. I didn't follow the court. So really everything comes down to how we rule on Fuller. Well, I don't think it does necessarily. I mean, certainly the ADAMI plaintiffs could file another motion, but they would have to show some new facts or different circumstances, something upon which the district court. How about the sheriff being indicted on corruption charges? A new fact that might persuade a judge. Your Honor, I really don't see what the indictment of Sheriff Corona has to do with this case. Well, he is alleged to have personally supervised or set the policy for the excessive force being used upon prisoners in his prisons. It's alleged, but there's no evidence of that. The only evidence cited by the appellants is a letter, which they say Sheriff Corona sent to the plaintiff, which is, in fact, signed by a captain from the department, and it's on the sheriff's letterhead. If, in fact, the ADAMI plaintiffs filed a motion for reconsideration after their appeal had been denied on jurisdictional grounds, would that be something the court could entertain? I think it could entertain that because the order of this court dismissing the plaintiff on jurisdictional grounds, that would not be law of the case because it would be on a different issue. The law of the case would be on the issue. Therefore, they wouldn't even need new facts necessarily since it's obvious that the judge made this decision simply because he'd already ruled on summary judgment. He then could say, well, I have this case back and, therefore, I might deal with this matter on its merits rather than simply because I have dismissed the summary judgment. That's correct. If they wanted to raise the issue again, they could do that with the district court. Thank you. Does the discovery have to do with any particular Fuller defendants or with more than one? It's more than one. It's a number of allegations that were ordered disclosed by the magistrate judge in the Fuller case. They all relate to the Fuller defendants, but the Fuller defendants are not defendants in the actions brought by the intervenors. So you'd be able to ---- But it relates to more than just Sheriff Corona. It doesn't relate to Sheriff Corona at all. No. What it relates to are the deputy defendants who are defendants in the Fuller action. It has nothing to do with Sheriff Corona. Yes. See, my problem is Judge Ciavelli never really reached the merits of whether permissive intervention should be allowed. Well, this court can uphold the district court's ruling on any ground supported by the record. And I think it's abundantly clear that what was being attempted here was a way to conduct discovery after discovery had closed in those other cases. So really what the intervenors were seeking was to bring their discovery issues to another judge. And I think if this court condones that sort of process that we're asking for a discovery free-for-all because you're going to have ---- Couldn't that be corrected by the trial judge? Certainly. You make the same argument to the trial judge, you can say what you're saying. Exactly. Exactly. But what I'm saying is that this court can uphold the district court's ruling on grounds other than those that are stated. The order says because summary judgment was granted that the intervention is being denied. But this court can uphold the ruling on any ground supported by the record. However, if the case is submitted late, then this court needs not get to that. Correct. And if it is not submitted late, then at that point one then determines whether there was an abuse of discretion before determining what to do given our case law. Right. And the issue of timeliness is jurisdictional. So if it's not timely, the court doesn't have jurisdiction to even consider it. Okay, counsel. I think we hear ---- Are you going to argue Fuller now? Because you didn't have any time left. You were over your time. I'm sorry. I thought I said a minute. Well, it was a minute and a half over. Oh, my apologies. Thank you very much. Okay, thank you. So Hadami v. County of Orange will be submitted, and we will take up Fuller.
judges: Wardlaw, Bea, Smith